IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JOSEPH EUGENE HOWARD,**

   **Plaintiff,**

v.               Case No. 2:13-cv-11004

**CARL L. HARRIS,**
**Fayette County Prosecutor,**

   **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is the initial screening of Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, Joseph Eugene Howard ("Howard"), filed his complaint on May 7, 2013, alleging that Fayette County Prosecuting Attorney Carl L. Harris ("Harris") is violating Howard's constitutional right of access to the courts under the First and Fourteenth Amendments to the United States Constitution. (ECF No. 2 at 4). Howard seeks a declaratory judgment notifying Defendant Harris "that he is violating the plaintiff's right of Access to the Courts." Howard also asks that the Court appoint an attorney to assist him with an appeal in the instant action if his request for relief is denied. (*Id.* at 5). For

the reasons that follow, the undersigned **FINDS** that the complaint fails to state a claim upon which relief may be granted and, thus, **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's application to proceed *in forma pauperis*, **DISMISS** the complaint, with prejudice, and remove it from the docket of the Court.

## I.     Relevant History and Claim

Plaintiff Joseph Eugene Howard ("Howard") is a prisoner at Mount Olive Correctional Complex located in Fayette County, West Virginia. (*Id.* at 3). Howard states that in November 2012, he alerted Defendant Harris by letter "that prison staff were involved in a conspiracy to murder him and that they attempted to murder him." (*Id.* at 4). In response, Defendant Harris informed Howard by letter "that he asked the state police to investigate the allegations." (*Id.* at 4). Subsequently, Howard discovered that "the State Police verified that prison staff were involved in a conspiracy to murder the plaintiff and attempted to do so by putting harmful substances, including urine and feces, into the plaintiff's food and drink." (*Id.* at 5). In March 2013 and April 2013, Howard mailed notarized letters to Defendant Harris "asking him to provide the plaintiff with all relevant information" relating to the State Police's investigation and findings. (*Id.*). On May 7, 2013, Howard filed the instant action, alleging that Defendant Harris's failure to provide the requested information constitutes a violation of his First and Fourteenth Amendment right of court access. (ECF No. 2).

Also on May 7, 2013, Howard filed a separate civil action against David Ballard, Warden of Mount Olive Correctional Complex, raising claims of unconstitutional prison conditions and again stating his allegation that prison staff had put harmful substances into his food. (Howard v. Ballard, No. 2:13-cv-11006, ECF No. 2). That action is currently pending in this Court.

## II.   Initial Screening

The undersigned has conducted an initial screening of Howard's complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. According to these provisions, the Court must dismiss the complaint if it "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). A complaint is "frivolous" when it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328.

Moreover, a complaint fails to state a claim when, viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court explained the "plausibility" standard in *Ashcroft v. Iqbal*, stating:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544) (internal citations omitted). Thus, "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that

the pleader is entitled to relief." *Iqbal,* 556 U.S. at 678 (quoting Fed.R.Civ.P. 8(a) (2)). While the Court is required to accept as true the factual allegations asserted in the complaint, it is not required to accept the legitimacy of legal conclusions that are "couched as ... factual allegation[s]." *Id.* (quoting *Twombly*, 550 U.S. at 554).

In the event of a *pro se* complaint, the court must liberally construe the allegations. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a cause of action cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Analysis</u>

Title 42 U.S.C. § 1983 provides a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of State law. 42 U.S.C. § 1983. Consequently, in order to state a *prima facie* claim under § 1983, a plaintiff must show through his factual allegations that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the alleged deprivation was committed by a person acting under color of state law. *Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Perrin v. Nicholson*, No. 9:12-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010). Here, Howard claims that he was deprived of his constitutional

rights under the First and Fourteenth Amendments by the Fayette County Prosecutor. (ECF No. 2 at 4).

"It is well established that citizens hold a right of access to courts," *Pollard v. Pollard*, 325 Fed. Appx. 270, 272 (4th Cir. 2009) (*citing Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)) "The right not only protects the ability to get into courts, but also ensures that such access be 'adequate, effective, and meaningful.'" *Id. (citing Bounds v. Smith,* 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). To prevail in a right of access case, the plaintiff must demonstrate that the defendant's actions "foreclosed [plaintiff] from filing suit in court or rendered ineffective any court remedy [he] previously may have had." *Cook v. Howard*, 484 Fed. Appx. 805, 825 (4th Cir. 2012) (quoting *Swekel v. City of River Rouge*, 119 F.3d 1259, 1263-64 (6th Cir. 1997)) (internal marks omitted). Stated simply, the plaintiff must show that the defendant's wrongful conduct resulted in actual prejudice to plaintiff's ability to proceed with his legal claim. *Lewis v. Casey,* 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Strickler v. Waters,* 989 F.2d 1375, 1383 (4th Cir.1998).

Howard argues that the Harris's failure to provide the requested information has deprived him of meaningful access to the courts. This contention is belied by the fact that Howard is currently pursuing a § 1983 action in this court, which includes in some fashion his allegation that the Mount Olive prison staff tampered with his food. Admittedly, the complaint in Case No. 2:13-cv-11006 is missing several pages, including the page that contains Howard's first two claims; nonetheless, he has clearly filed a civil rights complaint and is not foreclosed from pursuing the responsible prison staff in that lawsuit. Nothing prevents Howard from amending his complaint to add as defendants the prison staff that allegedly attempted to murder him. Furthermore, he is free to seek

production of the investigative materials, or conduct his own investigation, through discovery in his civil rights case. Consequently, even if Harris improperly refused to provide the information requested, Howard fails to allege facts demonstrating that this action has deprived him of meaningful access to the courts. *Bell Atlantic Corp.*, 550 U.S. at 570.

Having carefully reviewed Howard's complaint, the undersigned **FINDS** that Howard fails to state a plausible cause of action under § 1983; therefore, the complaint should be dismissed, with prejudice, pursuant to the screening provisions contained in 28 U.S.C. §§ 1915(e)(2), 1915A.

## IV. <u>Proposal and Recommendation</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the United States District Court accept and adopt the proposed findings and **RECOMMENDS** that:

1. Plaintiff's Complaint, (ECF No. 2), be **DISMISSED**, **with prejudice**;

2. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED**; and

3. This case be removed from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

"Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, and any counsel of record.

**FILED:** August 30, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge