IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH EUGENE HOWARD,

          Plaintiff,

v.                                       CIVIL ACTION NO.   2:13-cv-11004

CARL HARRIS,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Joseph Eugene Howard's pro se "Motion To Be Allowed To Withdraw and Objection to Civil Complaint No. 2:13-cv-11004 Being Dismissed With Prejudice" [ECF 7].

By Standing Order entered April 8, 2013, and filed in this case on May 14, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  [ECF 4.]   On July 26, 2013, this action was transferred from Magistrate Judge Tinsley to United States Magistrate Judge Cheryl A. Eifert.  [ECF 5.]   On August 30, 2013, Magistrate Judge Eifert issued a PF&R [ECF 6] recommending that the Court dismiss with prejudice Plaintiff's Complaint [ECF 2] for failing to state a plausible cause of action pursuant to 42 U.S.C. § 1983 and that Plaintiff's application to proceed without prepayment of fees and costs [ECF 1] be denied.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F .2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing Plaintiff's objections, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

Objections to the August 30, 2013, PF&R in this case were due on September 16, 2013. On September 16, 2013, the Court received the instant filing which is styled as both a "motion" and "objection."

Plaintiff does not appear to dispute the disposition of the PF&R to the extent that it recommends dismissal of this action for failure to state a claim under 42 U.S.C. § 1983 against Defendant Harris. Nor does Plaintiff dispute the PF&R's recommendation that the issues raised in Plaintiff's complaint—in particular, the production of certain investigative materials that Plaintiff seeks from Defendant Harris—are more appropriately pursued, if at all, in a companion civil action (no. 2:13-cv-11006) filed contemporaneously with this case.

Rather, Plaintiff's only objection appears to be to the magistrate judge's recommendation that this civil action be dismissed *with* prejudice. Plaintiff argues that dismissal with prejudice would penalize him for his inexperience in legal matters which caused him to mistakenly file this

2

separate civil action, rather than, presumably including Defendant Harris as a party in Plaintiff's other civil action or simply seeking discovery from him in that action. (ECF 7 at 2.) To avoid the outcome of a dismissal with prejudice, Plaintiff seeks to "withdraw" his Complaint.

Plaintiff does not cite any authority in support of his motion, but in light of the fact that he seeks the Court's leave to withdraw his Complaint and requests that the Court act to dismiss his complaint without prejudice, the Court will treat the motion as seeking relief pursuant to Fed. R. Civ. P. 41(a)(2), which rule provides, in pertinent part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The purpose of [the Rule] is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987). Accordingly, "[a] plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir. 1986).

Here, the Court finds that it is proper that Plaintiff be permitted to voluntarily dismiss this Complaint without prejudice. Had the claims against Defendant Harris instead been brought by Plaintiff as part of his companion suit (no. 2:13-cv-11006), those claims would have been subject to dismissal for the same reasons identified in the PF&R. The dismissal of those claims, however, would have been only a partial dismissal of that entire case. The distinction is relevant in light of the fact that Plaintiff is an incarcerated individual and subject to the three-strikes provisions of 28 U.S.C. § 1915(g). *See Tolbert v. Stevenson*, 635 F.3d 646, 654 (4th Cir. 2011) (holding that "§ 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike").[1]

---

[1] The Court further observes that Plaintiff does not at this time appear to have an extensive history of filing frivolous lawsuits in this district and there is no indication in the record that this Complaint was submitted in bad faith.

3

Accordingly, under these unique circumstances, the Court **GRANTS** Plaintiff's motion to voluntarily dismiss without prejudice his Complaint. Plaintiff is **ADVISED**, however, that significant judicial resources have already been expended on this Complaint and that future claims that are improperly brought may be dismissed *with* prejudice if Plaintiff seeks to voluntarily dismiss his action only after he receives an unfavorable recommendation from a magistrate judge in a PF&R. *See, e.g.*, *Large v. Beckham Cnty. Dist. Court*, 558 F. App'x 827, 828−29 (10th Cir. 2014) (unpublished) (explaining that a pro se prisoner plaintiff cannot use a Rule 41(a)(1) voluntary dismissal to avoid the effect of a 'strike' under 28 U.S.C. § 1915(g) once his case was already screened and found meritless).

For these reasons, the Court **GRANTS** Plaintiff's motion to voluntarily dismiss his Complaint [ECF 7], **DENIES AS MOOT** Plaintiff's application to proceed without prepayment of fees and costs [ECF 1], and **DISMISSES WITHOUT PREJUDICE** the Plaintiff's Complaint [ECF 2]. In light of this disposition, the PF&R filed in this action is moot and, accordingly, the Court **DECLINES TO ADOPT AS MOOT** the PF&R [ECF 6]. The Court **DIRECTS** the Clerk to remove this civil action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 18, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE